UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

KANEKA CORPORATION,

                Plaintiff,                **MEMORANDUM & ORDER**
                                                            16-CV-4861 (MKB) (SIL)

        v.

PURESTAR CHEM ENTERPRISE CO., LTD,

                Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

        Plaintiff Kaneka Corporation commenced the above-captioned action on August 31, 2016, against Defendant Purestar Chem Enterprise, Co., Ltd., alleging violation of the Patent Act, 35 U.S.C. § 1 *et seq.*, in connection with Defendant's importation and offers to sell a nutritional supplement for which Plaintiff holds a United States patent. (Compl. ¶¶ 8–12, 18–25, Docket Entry No. 1.) Plaintiff requested a certificate of default on December 15, 2017, (Request for Certificate of Default, Docket Entry No. 11), which default the Clerk of Court noticed on December 21, 2017, (Clerk's Entry of Default, Docket Entry No. 12). On February 6, 2018, Plaintiff moved for default judgment, seeking permanent injunctive relief from Defendant's allegedly infringing conduct. (Pl. Mot. for Default J., Docket Entry No. 13.) By order dated April 4, 2018, the Court referred the motion to Magistrate Judge Steven I. Locke for a report and recommendation. (Order dated Apr. 4, 2018.)

        By report and recommendation dated May 1, 2018 (the "R&R"), Judge Locke recommended that the Court grant Plaintiff's motion for default judgment and permanently

enjoin Defendant from further infringement[1] of Plaintiff's patent within the United States.[2] (R&R 13, Docket Entry No. 14.) No party has objected to the R&R.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis,*

---

[1] While the Complaint contained a request for money damages, Judge Locke deemed this request abandoned, as it is not reflected in Plaintiff's memorandum of law in support of the motion for default judgment, nor in the proposed default judgment and permanent injunction order filed with its motion. (*See* R&R 1 n.1, Docket Entry No. 14.)

[2] Plaintiff's proposed default judgment and permanent injunction order, filed with its motion for default judgment, did not limit the judgment to enjoin infringing conduct within the United States. (*See* Proposed Default J. and Permanent Inj. Order 2, annexed to Pl. Mot. as Ex. E, Docket Entry No. 13-7 ("Purestar and its directors, officers, agents, subsidiaries, affiliates, successors, employees, representatives, assigns, and all other persons in active concert or privity or in participate [sic] with Purestar are permanently enjoined from further infringement of U.S. Patent No. 7,145,044.").) Judge Locke recommended that because section 271(g), which establishes Defendant's liability, "is limited to the United States and does not prevent the use of a U.S. patented process in another country," (R&R 12 (citing *Pfizer Inc. v. Aceto Corp.*, 853 F. Supp. 104, 105 (S.D.N.Y. 1994)), the Court should modify the proposed judgment to "permanently enjoin[] [Defendant] from further infringement of U.S. Patent No. 7,145,044 *within the United States*." (R&R 13 (emphasis added)). Plaintiff has submitted a revised proposed default judgment and permanent injunction order reflecting the modification in the R&R. (*See* Pl. Letter dated May 29, 2018, Docket Entry No. 16; Proposed Default J. and Permanent Inj. Order, Docket Entry No. 16-1.)

*Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue." (citations omitted)).

The Court has reviewed the unopposed R&R and, finding no clear error, the Court adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the Court grants Plaintiff's motion for default judgment. Plaintiff's revised proposed default judgment and permanent injunction order is hereby approved. The Clerk of Court is directed to close this case.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: June 28, 2018
      Brooklyn, New York